In the Matter of the Application of ANDREW P. MEEHAN, Appellant, for a Writ of Mandamus against HENRY D. SAYER, the Industrial Commissioner of the Department of Labor of the State of New York, Respondent.

First Department, April 7, 1922.

Civil service — petitioner, factory inspector in Department of Labor, legally suspended without pay on abolition of position under Labor Law of 1921, § 18 — Civil Service Law, § 22a, requiring suspension in inverse order of employment, not applicable — petitioner not entitled to be reinstated.

The Industrial Commissioner of the Department of Labor had the power under section 18 of the Labor Law of 1921 to abolish the position of factory inspector held by the petitioner, who was not an honorably-discharged soldier, sailor or marine, or a veteran volunteer fireman, within the provisions of section 22 of the Civil

Service Law, and to place the name of the petitioner on the list of suspended employees, without pay, as provided by said section 22 of the Civil Service Law, though others occupying precisely the same position had entered upon their employment after the petitioner, for said section 18 of the Labor Law of 1921, as amended by chapter 642 of the Laws of 1921, did not preserve to the petitioner the right, under section 22a of the Civil Service Law, to be suspended in the inverse order of employment of others occupying the same positions, and, therefore, the petitioner is not entitled to a peremptory writ of mandamus compelling his reinstatement as a factory inspector.

APPEAL by the petitioner, Andrew P. Meehan, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of November, 1921, denying petitioner's motion for a peremptory writ of mandamus requiring the respondent to reinstate him as a factory inspector in the Department of Labor of the State of New York as of July 1, 1921.

The motion was made on appellant's affidavit and opposed by an affidavit presented by the respondent. The affidavit of the appellant shows that he successfully passed a competitive civil service examination for the position of factory inspector, and that his name was placed on the eligible list by the State Civil Service Commission, and was duly certified to the Department of Labor for appointment as factory inspector; and that he was duly appointed to the position on the 16th of January, 1912, at a salary of $1,200 per annum; that he was assigned to the bureau of factory inspection in the first inspection district; that he duly accepted the position and entered upon the performance of his duties and performed them to the satisfaction of his superiors; that on the 15th of March, 1914, his salary was increased to $1,500 per annum, after he had passed a promotion examination; and that on the 1st of July, 1919, his salary was increased to $1,800 per annum, and on July 1, 1920, was again increased to $2,100 per annum; that he continued to perform the duties and drew that salary until the 1st of July, 1921, when his services were terminated by a communication in writing from the respondent under date of June 15, 1921, stating that a curtailment in the appropriation for the Department of Labor necessitated a reduction in the number of employees in the department, and that the respondent regretted that he would be compelled thereby to abolish the position occupied by the appellant as factory inspector, to become effective on the 30th of June, 1921; that he reported for duty on the first of July, but was informed that his services would no longer be required; that on the 15th of June and the 1st of July, 1921, and thereafter there were retained and are now retained as factory inspectors in said department, eighty-nine factory inspectors who were appointed subsequent to the appointment of the appellant; that, relying on the protection

accorded to him by the provisions of section 22a of the Civil Service Law (as added by Laws of 1920, chap. 836), with respect to his tenure, he entered the pension retirement system of the State; that he verily believes the alleged curtailment in the appropriations assigned as the reason for abolishing his position is a subterfuge resorted to for the purpose of removing him; that, by virtue of the provisions of said section 22a, respondent was without authority to abolish his position or to remove him until the positions of factory inspectors subsequently appointed were abolished; and that pursuant to the Civil Service Law and the rules and regulations of the State Civil Service Commission, the abolition of his position by the respondent was unlawful, illegal and void; and that he is entitled to reinstatement and to assignment to duty and to the emoluments of his office. Respondent, in his affidavit, denies that he was guilty of any subterfuge in abolishing appellant's position, and states that it became necessary owing to the reduction in the appropriation for the department of from $2,400,000 in the preceding year to $1,500,000 for the fiscal year commencing July 1, 1921; and that only $1,200,000 thereof is available for personal services and the payment of salaries; and that in determining which positions to abolish he took into consideration the merit, fitness and competency of the inspectors and retained those he deemed best fitted and qualified to render the most efficient service to the State; that the number of those positions remains as thus reduced; and that there never existed and does not now exist any vacancy or position in the department to which the appellant could be transferred without dismissing another who is satisfactorily discharging the duties thereof; and that, as the responsible head of the department, respondent deemed it his duty to decline to dismiss a competent inspector in order to create a vacancy to which the appellant might be appointed; that the provisions of section 22a, requiring removals in the inverse order of appointments, have been superseded by section 18 of the Labor Law of 1921, as added by chapter 50 of the Laws of 1921, and amended by chapter 642 of the laws of that year, which conferred authority on the respondent to make removals for the best interests of the service; and that respondent has certified the name of the appellant to the State Civil Service Commission as one whose position was abolished for reasons of economy as required by law.

*Jacobs & Weintraub* [*George Jacobs* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Robert P. Beyer, Deputy Attorney-General,* of counsel], for the respondent.

LAUGHLIN, J.:

Appellant is not an honorably-discharged soldier, sailor or marine, or a veteran volunteer fireman, within the provisions of section 22 of the Civil Service Law (as amd. by Laws of 1910, chap. 264, and Laws of 1920, chap. 833). The point of law presented by this appeal is whether by chapter 50 of the Laws of 1921, providing for the reorganization of the Department of Labor, as amended by chapter 642 enacted at the same session, the right of the appellant theretofore existing by virtue of the provisions of section 22 of the Civil Service Law, as supplemented by section 22a thereof (as added by Laws of 1920, chap. 836), to retain his position and remain a factory inspector, unless it became necessary to abolish it and to discontinue his services after the positions of all factory inspectors subsequently appointed were abolished, has been withdrawn. He has not been removed from the service, but merely suspended without pay. Section 22 preserves his right to have his name remain " upon a list of suspended employees for the office or position or for · the class of work in which they have been employed, or for any corresponding or similar office, position or class of work," and to be certified for reinstatement or re-employment in the order of his original appointment. Section 22a contains similar statutory provisions. The difference between the two sections, so far as material here, is that section 22a provides that whenever a " position     *     *     * is abolished or made unnecessary," suspensions " shall be made in the inverse order " of the original appointments to the positions, and section 22 contains no similar provisions, but merely provides that the person whose position is abolished, if not protected against discharge as an honorably-discharged soldier, sailor, marine or veteran volunteer fireman, shall be deemed suspended without pay, and that his name shall be certified to the Commission as therein provided for reinstatement or re-employment as already stated. It was entirely competent for the Legislature, in the interests of economy and for the good of the service, to authorize the abolition by the respondent of the position held by the appellant; and manifestly by section 18 of the Labor Law of 1921, as added by chapter 50 of the Laws of 1921, and amended by chapter 642 enacted at the same session, it intended to confer upon the respondent full authority to reorganize his department by making transfers and removals subject only to the provisions of section 22 of the Civil Service Law; and the only right preserved to the appellant by that section was to be suspended without pay on the abolition of his position, and to have his name certified as therein provided to the Com-

mission for re-employment or reappointment, and this was done. Appellant has no grievance, save on the theory that section 22a of the Civil Service Law was also excepted from section 18 of the Labor Law of 1921, as amended, but the court cannot say that the Legislature overlooked the fact that section 22 of the Civil Service Law did not require suspensions, where positions are abolished, in the inverse order of the appointments; and it must be assumed, therefore, that the Legislature intended that the respondent, in reorganizing his department, should be unrestricted by the provisions of section 22a of the Civil Service Law, and should be at liberty to make the suspensions in such order as he deemed best for the service.

It follows, therefore, that the order should be affirmed, but without costs.

DOWLING, PAGE, MERRELL and GREENBAUM, JJ., concur.

Order affirmed, without costs.